IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| RUSSELL GAITHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CV 121-001 |
| HOMER BRYSON; WARDEN JAMES | ) |
| DEAL; WARDEN MR. PHILBIN; | ) |
| MS. CHESTER; MR. ODGEN; SHEENA | ) |
| BLACK; SHERRY BLAND; CHIEF JUDGE | ) |
| SARAH F. WALL; RONALD J. STACY; | ) |
| STEPHEN E. CURRY; GWEN | ) |
| ROBERTSON; HELEN J. MERBERRY; | ) |
| GEORGIA DEPARTMENT OF | ) |
| CORRECTIONS OFFICE OF | ) |
| INVESTIGATION AND COMPLIANCE; | ) |
| CAROL W. BRAGG; MRS. JONES; | ) |
| MR. JACKSON; JOHN DOE; and | ) |
| WARDEN MARTY ALLEN, | ) |
| | ) |
| Defendants.[1] | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 5), the motion for appointment of counsel be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

---

[1]The Court **DIRECTS** the **CLERK** to correct the spelling on the docket of the name of Defendant Chief Judge Sarah F. Wall.

**I.     BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Id. at 721-27.

**II.    DISCUSSION**

    **A.     Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)**

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed and count as strikes:  (1) Gaither v. Archar, CV 315-043, doc. nos. 18, 27 (S.D. Ga. Aug. 25, 2015) (dismissing for failure to follow court order and abuse of judicial process for failure to disclose litigation history, specifically noting "bad faith

2

litigiousness" and "manipulative tactics" in filings)[2]; (2) Gaither v. Pullin, 5:14-CV-00260-MTT-CHW, doc. no. 6 (M.D. Ga. Aug. 21, 2014) (dismissing for failure to state a claim); and (3) Gaither v. Chapman, 3:13-CV-00125-CAR-CHW, doc. no. 5 (M.D. Ga. Dec. 9, 2013) (dismissing for failure to state a claim); see also Gaither v. Deal, CV 120-094, doc. no. 18 (S.D. Ga. Sept. 24, 2020) (denying IFP status based on accumulation of three strikes and dismissing case); Gaither v. State of Ga., CV 619-049, doc. nos. 34, 35 (S.D. Ga. Feb. 14, 2020) (recounting history of § 1915(g) case dismissals based on three strikes); Gaither v. Hooks, CV 616-009, doc. nos. 17, 26 (S.D. Ga. Sep. 26, 2016) (dismissing for three strikes under § 1915(g); dismissal also recommended for failure to state a claim); Gaither v. Arthur, CV 316-010, doc. nos. 12, 18 (S.D. Ga. Apr. 26, 2016) (dismissing for three strikes under § 1915(g)).  Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  Here, Plaintiff signed his complaint on December 21, 2020, and the pleading primarily alleges he has been denied adequate supplies to pursue his legal claims while incarcerated at various prisons located in the Southern District of Georgia, including

---

[2] Dismissal for abuse of judicial process qualifies as a strike under § 1915(g).  Rivera, 144 F.3d at 731.

ASMP and Georgia State Prison ("GSP").  (See doc. no. 1.)  For good measure, Plaintiff also names various individuals working in, or for, courts located within the Dublin and Augusta Divisions of the Southern District, including a chief judge, a court reporter, and a private attorney, who have not accommodated his requests for supplies to pursue his legal claims.  (Id.)  Plaintiff raises these claims in a pleading covering seven, handwritten, single-spaced pages, and along with the complaint, he had sufficient supplies to also submit a two-page, hand-written motion for appointment of counsel.  (See doc. no. 2.)

As previously explained in a prior case alleging denial of adequate supplies to pursue legal claims naming far fewer defendants located at GSP, Gaither v. Deal, CV 120-094, doc. nos. 12, 18 (S.D. Ga. Sept. 24, 2020), courts have rejected claims of denial of access to the court as insufficient to establish imminent danger of serious physical injury.  See Skillern v. Edenfield, No. CV 610-044, 2010 WL 5638731, at *2 (S.D. Ga. Dec. 21, 2010) (finding plaintiff's claim defendants violated his right of access to the courts "plainly inadequate to bring [his] case within the imminent danger exception"), *adopted by*, Skillern v. Edenfield, 2011 WL 241030 (S.D. Ga. Jan. 24, 2011); see also McDonald v. Adkinson, Case No.: 320cv3004/MCR/EMT, 2020 WL 1263573, at *2 (N.D. Fla. Feb. 13, 2020) (finding general allegations about conditions of confinement, including "lack of access to a law library and writing/mailing materials," does not establish imminent danger of serious physical injury), *adopted by*, McDonald v. Adkinson, 2020 WL 1248878, at *1 (N.D. Fla. Mar. 16, 2020).  In

4

sum, Plaintiff's allegations about lack of sufficient supplies to pursue his legal claims are insufficient to establish imminent danger of serious physical injury.[3]

### C. Motion to Appoint Counsel

Plaintiff is proceeding *pro se* and moves for the appointment of counsel, arguing he is unable to afford counsel; he needs an attorney to investigate certain prison regulations; he has limited knowledge of the law; and, an attorney would be better suited to conduct cross-examination to test the credibility of testimony. (Doc. no. 2.) Because Plaintiff is not entitled to proceed with this case, his motion for appointment of counsel should be **DENIED**. However, even if the Court were not recommending dismissal of the case, Plaintiff is not entitled to appointed counsel.

As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of

---

[3] For the sake of completeness, the Court notes Plaintiff included one paragraph mentioning problems with a left ankle that have been ongoing since 2013, and he specifically mentions swelling in that ankle on December 18, 2020. (Doc. no. 1, p. 4, ¶ 22.) Notably, however, his designated "legal claims" and "prayer for relief" relate to the provision of writing supplies and legal resources, not medical treatment. (Id. at 6-7.) Moreover, the Court has previously determined Plaintiff's complaints about his ankle do not bring him within the imminent danger exception to § 1915(g). See Gaither v. Winchell, CV 620-021 (S.D. Ga. Sept. 24, 2020); Gaither v. State of Ga., CV 619-049 (S.D. Ga. Feb. 14, 2020); see also Gaither v. Hooks, CV 616-009 (S.D. Ga. Sep. 26, 2016). The current complaint's conclusory mention of a swollen ankle appears to be mentioned only in reference to a claim he would like to pursue if he had more supplies. Additionally, he does not allege the absence of all treatment for his ankle, but rather he would prefer a different type treatment, which as previously explained in the above-cited cases, does not satisfy the imminent danger requirement. See, e.g., Gaither, CV 620-021, doc. no. 13 (citing comparison to Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (explaining complete withdrawal of treatment for serious medical condition may satisfy imminent danger exception)).)

To the extent Plaintiff mentions prior rulings in other cases related to his ankle and in a recently dismissed case, CV 120-094, and requests the Court reconsider specific rulings therein, (doc. no. 1, p. 4, ¶ 22), he must file motions within the applicable case if he wants to request the Court to take any specific action in those cases.

counsel is a privilege justified only by exceptional circumstances.  Id.; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where suspect conduct of prison officials hindered prisoner plaintiff's ability to present essential merits of case and, additionally, where such appointment would alleviate security concerns and help sharpen issues).

Here, Plaintiff fails to show exceptional circumstances exist to justify the appointment of counsel.  Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996).  Plaintiff has not shown that his status as a layman prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified.  Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).  Indeed, Plaintiff has been able to communicate with the Court and present the merits of his case, as evidenced by his factually-detailed filings with the Court, including exact dates of events which allegedly occurred years ago.  Therefore, Plaintiff's motion for appointment of counsel should be **DENIED**.  (Doc. no. 2.)

### III.   CONCLUSION

Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 5), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

The Court also **REPORTS** and **RECOMMENDS** that the motion for appointment of counsel be **DENIED**.  (Doc. no. 2.)

SO REPORTED and RECOMMENDED this 25th day of January, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA